J. W. MYERS COMMISSION COMPANY *v.* FRUIT PRODUCTION COMPANY.

Opinion delivered March 3, 1930.

*D. H. Howell*, for appellant.

*Starbird & Starbird*, for appellee.

HUMPHREYS, J. The only question involved on this appeal is whether appellant was entitled to recover 15 per cent. as commissions on the gross proceeds of a car of apples, which he retailed in the market for appellee, instead of ten cents per box, the amount he did recover; and a determination of this question depends upon the proper construction of a letter written to appellee by appellant before the car of apples was shipped, received and sold. It was admitted that the car of apples was consigned to, and sold by, appellant, under authority of the following letter:

"Van Buren, Arkansas,<br>"September 23, 1927.

"Mr. J. M. Hughes,

"Cashmere, Washington.

"Dear Sir: We have your letter of September 20, and certainly glad to hear from you, as our trade here are going to be interested in western apples.

"Upon receipt of this, I would be glad if you would drop me a wire stating what size you can ship, and the price, and I am sure that we can turn you some business. I don't know just what to say in regard to the fourth-class apples, as I don't know just what they will look like. If you can get a line on bulk apples, especially Delicious, get in touch with us, and it might be well for you to express us a sample of these fourth-class apples. We certainly expect to turn you all our western apple business, and will also expect you to take care of us on our wants in this territory. I know that your apples will sell well if you keep your quality, and pack up to what you have been shipping down this way in past seasons. I note in the first of your letter that you are getting ready to ship some of your fine fruit down this way. In this, I know that you can't go wrong because, if we can't get the price

that we want for them on arrival here, I can arrange for them to go on storage and draw money on them.

"For your information, all the cheap apples will be gone from here in a very few days. I have close to five thousand bushels of ordinary Ben Davis on storage that I expect to sell around $2.50 per bushel later in the season.

"Let me hear from you at once, as I think we have a chance to make some money on your apples this year, and remember that I will sell them for you in car lots for $25 brokerage, or break the cars at 10c per box, or, if you prefer it, I will work joint account with you. Very truly yours,

"J. W. Myers Commission Co., by J. W. Myers."

Mr. J. M. Hughes, to whom the letter was addressed, was, and is, the representative of appellee.

The car of apples had been shipped into several markets, same having been diverted from one point to another on account of congestion. After they arrived in Dallas, Texas, where there was no sale for them, on advice of appellant they were diverted and shipped to him to be sold on the Little Rock market, but, finding no sale for them in Little Rock, he shipped them to Van Buren, Arkansas, without first advising appellee; broke the car and sold them in job lots. Subsequently he rendered an account of the car showing gross sales to the amount of $956.70, from which he deducted freight and cold storage charges and expenses for repacking, and 15 per cent. commission in the total sum of $883, leaving a balance of $73.46 due appellee for this car of apples, which it refused to accept, contending that appellant was entitled to ten cents a box as commissions for selling the apples, instead of 15 per cent.

This suit followed resulting in a verdict and judgment in favor of appellee for $167.36, instead of the amount appellant tendered it.

In submitting the cause to the jury the trial court construed the letter contract, set out above, as meaning that appellant would retail or sell in job lots all apples

consigned by appellee to him for sale irrespective of class or grade, for a commission of ten cents a box. Appellant contends that this was an erroneous construction of the contract, because the commission named in the letter was only intended to apply to high-grade or fancy apples and not to apples in class C or fourth-grade apples. The government inspection showed that they were C grade apples.

The letter is general and refers to all classes of apples mentioned therein. Nothing was said in the letter about charging a larger commission for selling one grade or class of apples than another. In fact, the letter says nothing about the commission until the last paragraph. The attention of appellee was then called in that paragraph to the fact and appellee was asked to remember that appellant would sell the apples in carload lots for $25 brokerage, or break the cars for ten cents per box. This commission charge clearly referred to any kind of apples which appellee might ship to appellant. The trial court properly construed the contract.

The judgment is affirmed.